```
 1
 2
 3
 4                        UNITED STATES DISTRICT COURT
 5                       WESTERN DISTRICT OF WASHINGTON
                                   AT TACOMA
 6
 7
    STEPHANIE WILSON, on behalf of
 8  herself and others similarly situated,      CASE NO. C14-5101 BHS

 9                     Plaintiff,               ORDER DENYING PLAINTIFF'S
                                                MOTION
10         v.

11  LINDA A. KING AND ASSOCIATES
    CLAIMS MANAGEMENT, INC.,
12
                       Defendant.
13
```

14    This matter comes before the Court on Plaintiff Stephanie Wilson's ("Plaintiff")

15 motion to strike, or in the alternative, declare ineffective, Defendant's offer of judgment

16 (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to

17 the motion and the remainder of the file and hereby denies the motion for the reasons

18 stated herein.

19                        **PROCEDURAL AND FACTUAL HISTORY**

20    On February 4, 2014, Plaintiff filed a class action complaint against Defendant

21 Linda A. King and Associates Claims Management, Inc. ("Defendant"), alleging

22

ORDER - 1

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Dkt. 1.

On March 7, 2014, Defendant served an offer of judgment on Plaintiff pursuant to Fed. R. Civ. P. 68. Dkt. 13, Exh. 1. On March 21, 2014, Plaintiff filed the instant motion requesting that the Court either strike the offer or, in the alternative, allow Plaintiff an additional fourteen days to consider the offer. Dkt. 13. On April 5, 2014, Defendant responded. Dkt. 19. On April 11, 2014, Plaintiff replied. Dkt. 20.

## DISCUSSION

Plaintiff's motion is based on a false premise that has already been addressed by the Ninth Circuit. Plaintiff contends that:

> The Offer seeks to have Plaintiff abandon those absent putative class members, while threatening to hold Plaintiff responsible for Defendant's costs in the event she rejects the offer and a class is not certified. Because Plaintiff should not face such a heads-I-win-tails-you-lose choice, the Offer should be stricken or otherwise declared ineffective.

Dkt. 13 at 2. In this Circuit, named plaintiffs are not faced with Plaintiff's hypothetical choice.

In *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), the Ninth Circuit held "that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action . . . ." *Id*. at 1091–92. In reaching that conclusion, the court addressed the issue of any rule that would allow a defendant to "pick off" or "buy off" the named plaintiff in a class action. *Id*. at 1091. The court stated that the named plaintiff's claim and the class claim are legally distinct claims. Thus,

Plaintiff is in no way "forced to abandon those putative class members . . . ." Moreover, there is no authority for the proposition that Plaintiff is responsible for Defendant's costs if a class is not certified. Plaintiff may be responsible for costs only if she receives a judgment less favorable than the unaccepted offer. Therefore, the Court denies Plaintiff's motion because it is based on an illogical proposition.

With regard to allowing Plaintiff additional time to accept Defendant's offer of judgment, Plaintiff has failed to provide any authority for such a ruling. Rejecting the offer, however, does not preclude an additional offer. Fed. R. Civ. P. 68(b). Therefore, the Court denies Plaintiff's request.

## ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion to strike, or in the alternative, declare ineffective, defendant's offer of judgment (Dkt. 13) is **DENIED**.

Dated this 29th day of April, 2014.

BENJAMIN H. SETTLE
United States District Judge