UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHANIE WILSON, on behalf of herself and other similarly situated,

Plaintiff,

v.

LINDA A. KING AND ASSOCIATES CLAIMS MANAGEMENT, INC.,

Defendant.

CASE NO. C14-5101 BHS

ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendant Linda A. King and Associates Claims Management, Inc.'s ("Defendant") motion to strike class allegations (Dkt. 17) and motion to dismiss (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motion to strike, grants the motion to dismiss, and grants Plaintiff leave to amend for the reasons stated herein.

# I. PROCEDURAL HISTORY

On February 4, 2014, Plaintiff Stephanie Wilson ("Wilson"), on behalf of herself and others similarly situated, filed a complaint against Defendant alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Dkt. 1.

On April 3, 2013, Defendant filed a motion to strike class allegations. Dkt. 17. On April 14, Wilson responded. Dkt. 21. On April 17, 2014, Defendant replied (Dkt. 23) and filed a motion to dismiss (Dkt. 22). On May 5, 2014, Wilson responded to the motion to dismiss. Dkt. 25. On May 7, 2014, Defendant replied. Dkt. 26.

# II. FACTUAL BACKGROUND

In the complaint, Wilson alleges that she is a consumer under the FDCPA. Dkt. 1. ¶ 5. Wilson alleges that her

> obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle rented from Budget Rent-A-Car located at Ontario International Airport in California (the "Debt").

*Id.*, ¶ 7. Wilson alleges that Defendant inappropriately contacted her regarding the Debt in violation of the FDCPA.

# III. DISCUSSION

**A.     Motion to Dismiss**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is

construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Plaintiff has used labels and conclusions to state an element of her claim. In order to state a claim, Plaintiff must have incurred debt for personal, family or household purposes. Plaintiff alleges that she rented a car for personal reasons. Dkt. 1, ¶ 7. This allegation is a label and conclusion, and, under *Twombly*, Plaintiff fails to properly state a claim for relief. Therefore, the Court grants Defendant's motion to dismiss. Plaintiff, however, is granted leave to amend because it does not appear that any amendment would be futile.

**B.     Motion to Strike**

Defendant argues that the Court should strike Wilson's class allegations because she does not meet the requirements of Fed. R. Civ. P. 23(a)(2)–(4) or 23(b)(1)–(3). Dkt. 17 at 5–1. These arguments are primarily based on three propositions: (1) individual questions of fact predominate over class questions, (2) Wilson's credibility is at issue, and (3) Defendant's financial condition would make any recovery nominal or non-

existant. *Id*. With regard to the individual questions of fact, Defendant contends that separate mini-trials would be necessary to determine whether a putative class member rented the car for personal or business purposes. The Court is not convinced at this time that such a question of fact would require a mini-trial. If subsequent discovery shows that obtaining a declaration under penalty of perjury as to this issue, or similar tactic, will not sufficiently protect Defendant, then the Court may be persuaded that independent questions predominate. Such questions, however, do not appear to predominate the litigation or show that a class is unmanageable. Therefore, the Court denies Defendant's motion on the issues of Rule 23(a)(2) and 23(b)(3).

With regard to Wilson's credibility, Defendant fails to connect the fact of Wilson's prior lawsuits with the conclusion that her credibility is at issue because she filed those lawsuits. Therefore, the Court denies Defendant's motion on the issue of Rule 23(a)(3).

Finally, with regard to Defendant's financial condition, the evidence at this point is insufficient to strike the class allegations. At the very least, Wilson should have an opportunity to conduct discovery to determine each putative class member's potential recovery. Evidence of negative net worth for 2011 and 2012 is not undisputed evidence that recovery would be de minimus. Therefore, the Court denies Defendant's motion on the issue of Rule 23(a)(4).

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendant's motion to strike class allegations (Dkt. 17) is **DENIED**, the motion to dismiss (Dkt. 22) is **GRANTED**, and Plaintiff is **GRANTED** leave to amend.

Dated this 2nd day of June, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge